# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL P. KLAHN, SR.,

        Plaintiff,

vs.

RICHARD MEYERSON,

        Defendant.

Case No. 2:16-cv-00720-JAD-CWH

**SCREENING ORDER**

Presently before the court is pro se plaintiff Daniel P. Klahn, Sr.'s amended application to proceed *in forma pauperis* (ECF No. 2), filed on November 15, 2016. Also before the court is Klahn's complaint (ECF No. 1-2).

## I.   *IN FORMA PAUPERIS* APPLICATION

Klahn has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted.

## II.   SCREENING COMPLAINT

### A.   Background

This case arises out of a financial dispute between Klahn and defendant Richard Meyerson, his former employer. (Compl. (ECF No. 1-2) at 1-2.) Klahn alleges that Meyerson failed to pay to Klahn an outstanding salary balance. (*Id.* at 2-4.) Klahn further alleges that he began paying his personal bills through Meyerson's business account to recoup the money owed to him by Meyerson, resulting in Klahn's eventual incarceration for embezzlement. (*Id.* at 4-9.) According to Klahn, after Meyerson learned Klahn was taking money from him, Meyerson determined Klahn stole the money to purchase a Quiznos franchise. (*Id.* at 5.) Klahn alleges that he lost a civil lawsuit regarding the ownership of the Quiznos franchise because of Meyerson's false testimony

that Klahn stole more than $185,000 and used the money to purchase the Quiznos franchise. (*Id.* at 6-7.) Klahn also states that Meyerson wrongfully thwarted Klahn's attempts to transfer funds out of Klahn's 401K account. (*Id.* at 9-10.) Klahn now brings claims against Meyerson for defamation/slander (claim one) and fraud (claims two through five). (*Id.* at 10-24.) Klahn requests approximately $5,400,000 in damages. (*Id.* at 27-28.)

Klahn alleges there is diversity jurisdiction in this matter because he and Meyerson are "citizens of different [c]ounties disputing more than $75,000." (*Id.* at 1.) Klahn states that he lives in Clark County, City of Searchlight, Nevada, and that Meyerson "holds a secondary residence since 2009" in Las Vegas, Nevada. (*Id.*)

**B.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is

clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**C.    Analysis**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, Klahn does not invoke the court's jurisdiction. Klahn alleges only state law claims and therefore does not invoke the court's federal question jurisdiction. Although he alleges requisite amount in controversy for diversity jurisdiction, he fails to allege facts indicating that he and Meyerson are citizens of different states. Instead, Klahn alleges he and Meyerson are citizens of Nevada. Although he characterizes Nevada as Meyerson's "secondary residence," he does not provide any other allegations regarding Meyerson's citizenship. As the party seeking to invoke the court's jurisdiction, Klahn bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The court therefore will dismiss the complaint for lack of subject-matter jurisdiction, with leave to amend.

If Klahn chooses to amend, he must include factual allegations regarding Meyerson's primary residence, thereby allowing the court to determine its own jurisdiction. Klahn is advised

that if he files an amended complaint, the original complaint (ECF No. 1-2) no longer serves any function in this case.  As such, if Klahn files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently.  The court cannot refer to a prior pleading or to other documents to make Klahn's amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.  If Klahn chooses to file an amended complaint, he must do so by April 13, 2018.  Failure to comply with this order will result in a recommendation to the assigned United States district judge that the case be dismissed.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Klahn's amended application to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  Klahn is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.  This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Klahn's previous application to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of the Court must file Klahn's complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that Klahn's complaint be DISMISSED for lack of subject-matter jurisdiction, with leave to amend.

IT IS FURTHER ORDERED that if Klahn chooses to file an amended complaint, he must do so by April 13, 2018.  Failure to do so will result in a recommendation to the assigned United States district judge that the case be dismissed.

DATED: March 14, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**