# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

DANIEL P. KLAHN, SR.,

    Plaintiff,

v.

RICHARD MEYERSON,

    Defendant.

Case No. 2:16-cv-00720-JAD-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the court is pro se plaintiff Daniel Klahn's amended complaint (ECF No. 5), which the court now screens as required by as required by 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

This case arises out of a financial dispute between Klahn and defendant Richard Meyerson, his former employer. Klahn's original complaint alleged the requisite amount in controversy to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332(a), but Klahn did not allege facts indicating that he any Meyerson are citizens of different states. As the party seeking to invoke the court's jurisdiction, Klahn bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The court therefore dismissed the complaint for lack of subject-matter jurisdiction, with leave to amend. (Screening order (ECF No. 3).)

Klahn filed an amended complaint that alleges he is a citizen of Nevada and Meyerson is a citizen of California. (Am. Compl. (ECF No. 5) at 1.) He further alleges more than $75,000 is in dispute, thereby satisfying the amount in controversy. (*Id.* at 7-8.) Having satisfied itself that the requirements for diversity jurisdiction under § 1332(a) have been met, the court will screen Klahn's amended complaint.

Klahn states that in 2005, Meyerson promised to increase his salary by $1,100 per month if certain conditions were met. (*Id.* at 7.) Klahn alleges that he met the conditions, but that Meyerson refused to pay the increased salary for five years. (*Id.*) Klahn alleges that Meyerson terminated Klahn's employment in April of 2012. (*Id.* at 2.) Klahn states that August of 2012, he requested transfer paperwork for his 401k account and was instructed by Michelle Hogle, operations manager, to have Meyerson sign the transfer paperwork because he was the trustee of the 401k account. (*Id.*) Klahn states that in September of 2012, he contacted Meyerson regarding the transfer paperwork and did not receive a response. (*Id.*) During October and November of 2012, Klahn unsuccessfully attempted to transfer the funds by directly contacting agents at John Hancock Investments and State Farm. (*Id.*)

Klahn states that when he was preparing his taxes in February of 2013, he contacted John Hancock Investments because he had not received a tax statement for his 401k account and was informed the address on his statements had been changed by Meyerson. (*Id.*) Klahn alleges that on November 13, 2013, Meyerson filed false paperwork stating that Klahn had abandoned his 401k account after his termination. (*Id.*) According to Klahn, he learned in November of 2014 that his 401k funds had been transferred to Meyerson's 401k account on October 8, 2018,[1] and that Klahn's 401k account was closed. (*Id.* at 3.) Klahn states that he sent a fraud report to the Securities and Exchange Commission, and that during the SEC's investigation of this incident, Meyerson convinced the SEC's investigators that Klahn had embezzled money from Meyerson during his employment. (*Id.*)

Klahn also alleges that during a telephone conference in May 2012, Meyerson falsely stated Klahn stole money from him to purchase a Quiznos franchise and that the franchise should belong to Meyerson. (*Id.* at 4.) He also alleges Meyerson made false statements about him to investigators, but he does not specify when the statements were made. Klahn states that Meyerson's false statements about him resulted in Klahn being held in jail on a $500,000 bond

---

[1] Based on the context and the fact the amended complaint was filed on April 11, 2018, the court understands this date to be a typographical error.

and partially resulted in Klahn's conviction for theft of $100,000. (*Id.* at 5.) Klahn further states Meyerson altered an email to make it appear that Klahn admitted to stealing $180,000. (*Id.* at 3-5.) Klahn now brings claims against Meyerson for fraud and slander.

## II. ANALYSIS

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

### A. Fraud

To state a claim for fraud, Klahn must allege that (1) Meyerson misrepresented a material fact, which he knew to be false; (2) Meyerson intended that Klahn rely on the misrepresentation; (3) Klahn detrimentally relied on the misrepresentation; and (4) the misrepresentation proximately caused damages. *Chen v. Nevada State Gaming Control Bd.*, 994 P.2d 1151, 1152 (Nev. 2000). Under Federal Rule of Civil Procedure 9(b), fraud has a strict pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456, n.1 (Nev. 1994). Nevada's statute of limitations for fraud claims is three years, "but the cause of action in such a case shall

be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." Nev. Rev. Stat. § 11.190(3)(d).

Liberally construing Klahn's allegations, the court finds there are sufficient factual allegations for a claim of fraud related to Meyerson's alleged transfer of the 401k funds. Specifically, Klahn alleges that in November 2014, he learned Meyerson filled out paperwork falsely stating that Klahn abandoned his 401k account so that the account would be closed and transferred to Meyerson, resulting in Klahn losing the funds in the account. The court further finds the allegations are made with particularity sufficient to satisfy Federal Rule of Civil Procedure 9(b). The court therefore will recommend that this fraud claim be allowed to proceed against Meyerson.

As for Klahn's allegation that Meyerson committed fraud by promising to increase his pay in 2005 but made various excuses and failed to do so for five years, the court finds those fraud allegations are barred by the statute of limitations. Even liberally construing the allegations in the complaint, Klahn knew about Meyerson's refusal to increase his pay in 2005, which was approximately 11 years before this case was filed. The court therefore will recommend dismissal with prejudice of Klahn's fraud claim regarding his pay increase.

**B. Slander**

Klahn alleges Meyerson slandered him by falsely stating that Klahn stole money to purchase a Quiznos franchise, among other things. Under Nevada law, the statute of limitations for a slander claim is two years. Nev. Rev. Stat. § 11.190(4)(c). Given that Klahn alleges Meyerson made false statements about him in 2012, but did not file this case until 2016, Klahn's slander claim is barred by § 11.190(4)(c). The court therefore will recommend dismissal of this claim with prejudice.

**III.  CONCLUSION**

IT IS THEREFORE RECOMMENDED that Klahn's fraud claim against Meyerson regarding the 401k account be allowed to proceed.

IT IS FURTHER RECOMMENDED that all other claims be dismissed with prejudice because they are barred by the applicable statutes of limitations.

**IV.   NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  July 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE