|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| Daniel P. Klahn, Sr., | Case No.: 2:16-cv-00720-JAD-DJA |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Richard Meyerson, | |
| Defendant | |

Pro se plaintiff Daniel P. Klahn, Sr. filed this action to redress a financial dispute between Klahn and his former employer Richard Meyerson.[1] On January 17, 2020, the Clerk of Court served Klahn with notice of intent to dismiss this case for lack of service.[2] Klahn responded to the notice, acknowledging that he failed to timely serve Meyerson and stating "Klahn hereby notices the Court that due to health concerns Klahn cannot continue this action and thereby agrees to the Notice of Dismissal."[3]

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[4] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[5]

---

[1] ECF No. 8 (screening order).
[2] ECF No. 13.
[3] ECF No. 14.
[4] **Error! Main Document Only.**Fed. R. Civ. Proc. 4(m).
[5] **Error! Main Document Only.**Fed. R. Civ. Proc. 4(c).

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[6] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[7] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[10] Not only was that warning was given here, but Klahn expressly

---

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

consented to the dismissal of this case.[11] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

**IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice** under FRCP 4(m), and the Clerk of Court is directed to **CLOSE THIS CASE.**

Dated: February 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] ECF No. 14.